```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF GEORGIA
                     AUGUSTA DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 119-148 |
| | * | |
| RANDY LEE NEWSOME, JR. | * | |

O R D E R

Pending before the Court is Defendant Randy Lee Newsome, Jr.'s <u>pro se</u> motion for sentence modification. (Doc. 34.) Defendant explains therein that he recently learned that the State of Georgia is holding a detainer against him which is hindering his ability to be assigned to a halfway house by the Bureau of Prisons ("BOP"). He therefore requests that this Court either remove the state detainer or treat the time to be served under the detainer as "time served" while in federal custody. (<u>Id.</u>)

To the extent that Defendant is challenging the execution of his sentence, he must file a habeas corpus petition under 28 U.S.C. § 2241 and is subject to administrative exhaustion requirements. <u>See</u> <u>United States v. Roberson</u>, 746 F. App'x 883, 885 (11th Cir. 2018) (citations omitted); <u>see also</u> <u>Davis v. Warden, FCC Coleman-USP I</u>, 661 F. App'x 561, 562 (11th Cir. 2016) (noting that to properly exhaust administrative remedies, a § 2241 petitioner must

comply with the BOP's deadlines and procedural rules); Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015) ("The [administrative] exhaustion requirement is still a requirement, it's just not a jurisdictional one."). Here, Defendant has not shown that he has exhausted his administrative remedies. Moreover, a petition for relief under § 2241 must be brought in the district of confinement rather than in the sentencing court. Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991). Accordingly, once Defendant exhausts his administrative remedies with the BOP, he must bring his § 2241 challenge in the District of South Carolina, which has territorial jurisdiction over the facility in which Defendant is presently incarcerated. For these reasons, Defendant's motion for credit for time served (doc. 34) is **DENIED**.

That said, the United States Probation Office has been informed by the District Attorney's Office of Richmond County, Georgia, that a detainer held against Defendant on a state probation revocation petition has now been released.[1] Thus, the Court is given to understand that Defendant is no longer subject to a state detainer. The Clerk is therefore directed to send a service copy of this Order to the Warden of Edgefield FCI as well as to Defendant.

---

[1] The probation revocation detainer was related to the state charges that formed the basis of the instant federal conviction. The original state charges were dismissed when Defendant was convicted in this case.

**ORDER ENTERED** at Augusta, Georgia, this __17th__ day of February, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA